Beacom, J.
In the matter of Louis IT. Engelcke, guardian -of Amanda E. Engelcke, v. Katie IToppensaek Engelcke, ¥m. F. IToppensack and Justus F. W. IToppensaek, the facts are substantially these:
Defendant, Katie IToppensaek Engelcke, was, in 1894, appointed guardian of the person and property of Amanda E. Engelcke, a minor, by the probate court -of this county, and the two -other defendants in this ease became sureties upon the guardian’s bond.
*89 Subsequently, in 1903, the guardian filed a report in the probate court of her administration of that property, and the report was by that court examined, and was approved, and the defendant, Katie Hoppensaek Engelcke, resigned as guardian, and the plaintiff herein, Louis H. Engelcke, was appointed guardian of said minor.
Suit is now brought in this court against the three defendants, the first named of whom was guardian and principal on the guardian’s bond, and the other two were sureties; and the proceeding sought here to be instituted is claimed to be that authorized by Section 6289, Revised Statutes, which provides, in substance, that after, the settlement has been made in the probate court of the accounts of a guardian, subsequent guardians during the minority of a ward, or the ward himself at any time within two years after such ward arrives at full age, may open and review such settlement, for fraud or manifest mistake, by civil action in the court of common pleas in the county in which such settlement was made.
It appears from the petition, “that the defendant, Katie Hoppensaek Engelcke, is without and is a non-resident of the state of Ohio, and without an accounting on the bond the plaintiff would be without relief.”
In this suit the bondsmen demur, and questions are raised herein which no court can find a very clear authority for ruling upon either one way -or the other, and no court can be certain but that another court may take a different view of these proceedings from that which the court passing upon it does.
It is well settled, on authority of 13 Cir. Ct., 29, that, inasmuch as Katie Hoppensaek Engelcke appears from the petition to live without the state of Ohio, no service can be made upon her in this matter. Then the question is, can this action be brought against her bondsmen?
■ The condition of the bonds was, in substance, that Katie Hoppensaek Engelcke should faithfully' discharge all of her duties as guardian ■ of the person- and property, as the law requires. One of the duties which the law requires her to perform is to make an accounting in the probate court—to *90 obey the order of that court. That she has done, but, under the statutes, that is only a preliminary matter. Under Section 6289, that is subject to review in this court. In other words, one of the conditions of that bond, and one of the things which this principal and her sureties bind her to do, .is that she shall stand ready to come into this court in any proceeding which charges either fraud or manifest mistake in the action in the probate court, at any time during the minority of the ward, or within two years after the ward becomes of age. And the ward himself can bring this action.
It is set forth in the petition that she not only is not here but that she can not be gotten here. It seems to the - court that this is a breach of the bond, a breach of its conditions; that she has failed to do one of the things that she stipulated to do and that they have guaranteed in this bond that she will do. The court is, therefore, of opinion that inasmuch as service upon her is impossible, that the conditions of the bond are broken and the sureties may be sued upon the bond and may be brought into an action for accounting.
In 13 Cir. Ct., 29, the court on pages 37 and 38 refer to a case in the Supreme Court of New York, in which it was held that—
“The non-residence of the executor gave to a court of equity jurisdiction upon the bond without the accounting.”
I am of opinion that these bondsmen could only be sued here after an accounting and finding so much money in the hands of the guardian, either in the probate court or subsequently in this, court, or in whatever court had final jurisdiction of that subject-matter.
I read from 38 0. S., 436, which is not the syllabus but only the language of the court, and the court was perhaps speaking of a matter not directly involved in the case:
“If an accounting can not be obtained from the guardian in the exercise of the power and jurisdiction of the probate court, we do not deny that an action on the bond against the makers may be prosecuted in a court of equity for an account and other-relief. ”
*91 The defendants, however, say, first, that an accounting can only be had in the probate court. Of course, that is the language of the statutes, if you only read a small portion of them. Part of the language of Section 6289 is that in a settlement made in the probate court the accounts shall be final between him and his ward until an appeal is taken in the court of common pleas in the manner provided by law. Counsel for defendants cite 3 C. C.—N. S., 410, and numerous other eases which hold that before a surety can be sued you must have a finding of an account due, and they also hold, in certain eases, that the probate court is the proper court in which to have an accounting.
The case in 3 C. C.—N. S., 410, cited by counsel, does not help us very much here. It is, substantially, that a man died, and he having been a guardian, his administrator appointed as administrator under the law, stepped into his shoes as guardian. He found absolutely no accounts of guardianship, but some money and papers and things, which he turned over to the ward, and said, substantially, “I know nothing about this ease because there are no records here. All I found, I have given you.” Suit was brought in the court of common pleas on the extraordinary proposition that, inasmuch as there were no accounts for the probate court to act on, they could bring their action in the court of common pleas; and the circuit court, on page 418 say, in substance only, that the fact that .no accounts were kept did not oust the jurisdiction of the probate court, all of which, of course, was perfectly manifest.
The second objection on the part of the bondsmen is that plaintiff is attempting to unite proceedings which are conflicting; that there is a proceeding here in part equitable and in part legal. That is, that the proceeding for a review of the accounts is equitable, which is right; that the proceeding on the bond is legal, which is right.
Section 5058 provides that the plaintiff may unite several causes of action in the same petition whether they are such as have been denominated legal or equitable when they are included within certain classes, and enumerates the classes. The court will not undertake to say under which heading these two *92 claims might be placed. Perhaps under number 9, claims against a trustee by virtue of a contract or by operation of law.
Beavis & Johnson, for plaintiff.
T. J. Moffett, for defendants.
.But, it is objected that the accounting would be before a referee or a court of equity, and that the bondsmen are entitled, before any judgment can be entered .against them, to have a verdict of twelve good and lawful men. There is no trouble about that, I take it. I do not now undertake to indicate what would be the proper method of proceeding in this ease, but I understand now an accounting might be taken here and an amount found due, if anything, from this guardian. Section 5130, Revised 'Statutes, provides, in substance, that issues of fact arising in actions for the recovery of money or specified real or personal property shall be tried by a jury. I take it if ■any question arises requiring the verdict of a jury, a jury could be impanneled. But it seems the plaintiff, being entitled to come' into this court and review what has been done in the other court in this proceeding, having averred that it is impossible to get the principal into this court, she having guaranteed—stipulated in subbtanc(e—that she would answer in any court that had jurisdiction on that subject-matter, and it appearing from the petition that she can not be served and can not be gotten here, the condition of the bond is broken, and these plaintiffs, who are entitled in some way to get the relief which they seek, are entitled to notify her bondsmen to come in here and take part in this accounting, and if they find something due to them from this principal, they are entitled to proceed ag'ainst the bond in this action.
The demurrer is overruled; to which defendants except.